## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

DEANDRE HOPSON                                               PLAINTIFF

v.                                          CIVIL ACTION NO. 3:12CV-771-S

AGUAIR LAW OFFICE *et al.*                                   DEFENDANTS

### <u>MEMORANDUM OPINION</u>

Plaintiff DeAndre Hopson filed a *pro se* complaint.  Because he is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).  For the reasons that follow, the complaint will be dismissed.

### I.  STATEMENT OF CLAIMS

Plaintiff filed his action on a general complaint form.  In the section of the complaint directing him to state the grounds for filing this case in federal court, he states:  "War crimes statue also obstruction of justice crimes against humanity."  He names the following individuals and entities as Defendants:  Aguair Law Office, Adam Solinger, Weinburg Foundation, Ruth Spencer, DeAunn A. Hospon, Stockyards Bank, A'One Entertainment, Chase Bank, Recole Oneal, U of L Hospital, Floyd Memorial Hospital, Jewish Hospital, Baptist East Hospital, Emory Hospital, and "Cash Crash (Fraud Company)."

As the statement of claims, Plaintiff alleges that Adam Solinger of Cash Crash is trying to take over Plaintiff's company, A'One Entertainment, by using Plaintiff's girlfriend, Ruth Spencer, and "trying to coach her into destroying me."  He further alleges that Solinger "aggravated idenity theft to put a bunch of false claims in my name and move it to my buisness acount and now been caught defrauding insurance company wit Ruth's Ann forgery" and that

Solinger is "trying to use his Best Friends the Weinburgs to help him get me erased so they can take my medical lawsuit illegally filed and settled by them."  He additionally claims that "Chase Bank and Stockyard Bank also PNC to hide and embbezzell money for kick back to be given them.  Banks have been notified, now they trying to get my xwife involved to legal get money out.  And railroad me to prision, useing they attorney Weinburgs pyramid scheme."

In an attachment to the complaint, Plaintiff references Defendant Weinburg Foundation and states:

> These terrorist belieave tha Death in Fighting a religous war against their enemys puts them in eternal Heaven.  That Turning against their religous vows, By informing Authorities About their enimies puts them in eternal Death.  Now they are ready to commit suicide.

> These Folks are wageing and getting Finicaly secured, to wage a Holy war, Stageing Freightingly Destructive lone wolfs, cults, and radical movements, their members Heads Filled with Schemes of mayhem and Destruction and slavery.  Obstructeing our court systems to join in with minipulateing statagies.  To Defraud Finacale Insurace companys Pyramid Scheme combines a Fake, yet seemingly credible Buisness with a simple-to understand yet sophistacated-sounding money makeing Formula which is used For profit . . . .

In another attachment to the complaint, Plaintiff states that the hospital Defendants are "Effecting Interstate Commerce" and references 18 U.S.C. §§ 1006 and 1033.

As relief, Plaintiff requests $7 million "to seek medical help for my milpracticed surguries"; $25 billion in both punitive and monetary damages against each person listed; $50 billion in special damages for embarrassment and intentional infliction of emotional disturbance; $25 million for pain and suffering; and $25 million in "punishing special damages."

2

## II.  LEGAL STANDARD

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330 *et seq.*  The burden of establishing jurisdiction rests with the plaintiff.  *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998).

#### A.  Federal Question

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  As the grounds for filing this action in federal court, Plaintiff asserts, "War crimes statue also Obstruction of Justice Crimes Angaist Humanity."  These grounds are criminal in

nature and do not provide for private causes of action or civil remedies. *See* 18 U.S.C. §§ 1501 *et seq.* (obstruction of justice); *see, e.g.*, *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) ("Hamilton possesses no private right of action against the defendants for alleged violations of 18 U.S.C. §§ 1505, 1506, and 1509."); *Marshall v. Green*, No. 3:10CV–224–H, 2010 WL 1959514, at *3 (W.D. Ky. May 17, 2010) ("Obstruction of justice is a criminal charge that does not provide a private cause of action."); *Hohensee v. Bush*, No. 09 0424, 2009 WL 565701, at *1 (D.D.C. Mar. 5, 2009) ("The prosecution of war crimes is the exclusive domain of international tribunals.").

Plaintiff also cites to 18 U.S.C. §§ 1066 and 1033 in an attachment to the complaint. Sections 1066 and 1033 are criminal statutes which also provide for no private causes of action or civil remedies. *See, e.g.*, *Bardes v. Mass. Mut. Life Ins. Co.*, No. 1:11CV340, 2011 WL 1790816, at *3 (M.D.N.C. May 10, 2011) ("Section 1033 establishes only criminal penalties for various forms of fraudulent conduct by persons involved in the interstate insurance business and Section 1034 allows only the United States Attorney General (and, thus, by clear implication, not private plaintiffs) to seek civil penalties and injunctions for violations of . . . Section 1033."); *Dykes v. PCA Fed. Credit Union*, No. 1:09-MI-00579, 2010 WL 1529295, at *3 (N.D. Ga. Feb. 4, 2010) ("[C]ourts have determined that 18 U.S.C. § 1006 does not provide a private right of action.").

Accordingly, Plaintiff fails to state a federal claim upon which relief may be granted.

Plaintiff alleges state-law claims of medical malpractice and intentional infliction of emotional distress. Section 1367(c) of title 28 of the United States Code provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . .

if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Having dismissed the federal claims, the court declines to exercise supplemental jurisdiction over the state-law claims.  28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

### B.  Diversity of Citizenship

In seeking damages for medical malpractice and intentional infliction of emotional distress, Plaintiff may be attempting to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.  That statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ."  § 1332(a)(1).  There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'"  *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*).  While Plaintiff alleges an amount in controversy that exceeds the statutory requirement, he does not demonstrate that his citizenship is different from all of the named Defendants.  Thus, he fails to invoke this Court's diversity jurisdiction.

By separate Order, therefore, the Court will dismiss the action.

Date:  January 15, 2013

**Charles R. Simpson III, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4411.005

6